We will begin with the case of Witek v. City of New York. Hello? Yes. Good morning. My name is Eileen Witek. Can I start? Yes, please start. Okay. Thank you. My name is Eileen Witek. I am a plaintiff per se. I represented my case in 1978. I identified myself as a white Jewish Russian. I am here because the District Court Judge Allen did not give me an opportunity to present my case to a jury. I have been employed with Woodhull City Hospital as a registered nurse since 2007 until now. I always work hard trying to give the best care to the patient. Meanwhile, I was suspended, terminated twice upon fabricated charges, which were never proved by fact. Nobody ever investigated my charges, never gave me a chance to state my warning of events. Charges were fabricated based on false defendant statements, not on the facts. It has to be cleared on the trial what was the reason motivation of all proceedings for seven years in the Eastern District Court of New York. My case was finally dismissed by Judge Carol Ammon. What was the reason that Judge Ammon granted summary of judgment statement of Judge Ammon? Defendant disclosure materials show that there is not any issue of facts that jury needs to consider and decide. There is a lot of issue of facts that jury needs to consider and decide, but Judge Ammon didn't want to admit all my issues. What was the motivation to fabricate illegal charges against me? Illegal termination is pretext of discrimination. It looked like Judge Ammon did not never read my case. It is not clear why she still mentioned, discussed all my charges on her memorandum and order dated March 12, 19. At that time, all my charges were dismissed by two arbitration decisions. The court decision was done based on defendant's advice, recommendation. Judge Ammon and defendant were trying to prove that there was legal reason for termination because I did a lot of misconduct on my job performance. Judge Ammon tried to cover illegal termination and so to cover discrimination action of defendant. If there is no legal reason for my termination, there is other motivation which is discrimination. Another important issue, based on what law my case was prematurely dismissed on 08-25-14 by Judge Ammon. Court never notified me about it. Later, Judge Ammon reopened the case, stated there was an error in judgment. Why my case was not dismissed in 2014 but reopened if there was no any issue of facts to consider and decide? The other reason court granted summary judgment to defendant. Court stated, the parties engaged in extended but ultimately failed attempts of settlement. Defendants have moved for summary judgment on all written claims. Further reason stated below, defendant motion granted. Being unsuccessful in setting the case, defendant in seven years filed a motion for summary judgment. Defendant was speculating and manipulating. This fact stated the case was settled on 09-25-13. So they cannot give me a back pay. There was never settlement done on 09-25-13. We had numerous meetings for settlement later, till 2018. There is no one word true in defendant statements. If they are and were right, why defendant forced me to settle the case? Why they didn't bring me to the trial and finish my case? I want defendant to bring to the jury proof of my misconduct, a record which shows that my case is without sexual support proof, that there was no any discrimination. I presented a lot of issues in my brief, which should be discussed, considered and decided by jury. As by the law, the court should grant summary judgment only if there is no issue to discuss. The final judgment only if the court resolves all issues of both parties. For the time being, court resolves only the defendant's issue. My issue, whenever resolved, whenever discussed. Judge Ammon didn't give me a chance to state my case to the jury. I so violated my constitutional rights to be heard on the trial. Therefore, I respectfully ask the court reverse the judgment of the district court in finding in my favor. Remand the case for a fair and impartial trial. I was always continue to be discriminated after I was reinstated. Mrs. Lansman, my preceptor, was allowed to discriminate me commenting on my ability to speak English, my accent, my professional skills, my race. I was assigned in postpartum to the most difficult cases. I was not given a locker. My personal belongings were on the floor or on the drawer. And the other nurses had two lockers. I was treated very differently than other nurses. I was continue to be discriminated even after my second reinstatement. Ms. Whitaker? Yes. Ms. Whitaker, your time is about to lapse. Could you finish up your thought? My thought is that I respectfully ask the court to give me a chance to be heard on the trial and to prove all of what I am saying by facts and evidence. Also, I would like the defendant to bring all facts and proof of my misconduct of whatever they think that was done wrong. Thank you. Judge Wesley, do you have any questions? No. Thank you very much. I came through loud and clear, and I could understand every single thing. Thank you so much. Judge Bianco? No, Chief Judge Katzmann. I have no questions. Thank you, Ms. Whitaker, for your very clear presentation. We will now hear from the City of New York. Good morning, Your Honor. This is the Claims Preparation Counsel, Deborah Wassell, on behalf of the City of New York. The majority of the plaintiff's claims don't rise to the level of an adverse employment action. The claims regarding her suspension and termination also must fail because the plaintiff failed to present any evidence that any decision-maker relating to those events was motivated by any discriminatory animus. Even if she could make out a prima facie case of discrimination, the defendants offered legitimate non-discriminatory reasons for suspending and terminating her. Specifically, she refused an order from her supervisor to draw blood from a patient, and as well documented, there was medicine that was supposed to go to a patient that was found in her pocket. And as a result of that, after that, the plaintiff did not adduce any evidence of any pretext. And so for those reasons, they're properly granted summary judgment on that claim. Turning briefly to the retaliation claim, that claim must fail for many of the same reasons. First, her complaint about not receiving overtime is not a protected activity because it doesn't impose an employment practice made unlawful by Title VII. It wasn't based on any race claims. In any event, her suspension and termination, she didn't prove that there was any causal connection between the protected activity of filing these complaints and her suspension and termination, for the same reasons as the first claim. The city had a legitimate non-retaliatory reason for suspending and terminating her. The issues that I mentioned earlier, withdrawing the blood from the patient and the medicine that was found in her pocket that she had signed for, and that never made its way to the patient. I do want to just highlight for the court that the hearing officers who were involved in the plaintiff's suspension and termination were impartial. They made the determination to terminate her without any personal knowledge of the situation. They didn't work with her. And so that was further distanced from any bias involved. At this point, if the court has any questions, I'm happy to answer them. But otherwise, I will rest on my brief. I have none, Chief. I have no questions either. I'm wondering if we've lost the Chief. Chief, are you there? Thank you for your argument. Thank you both for your arguments. The court will reserve decision.